UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 5:22-CR-1439 |
| § | |
| MARSHALL STEVE MERRIMAN § | |

# ORDER

A federal grand jury charged Defendant with possessing a firearm with a removed, obliterated, or altered serial number, in violation of 18 U.S.C. § 922(k) (Dkt. No. 12). Defendant has moved to dismiss this charge (Dkt. No. 18). He argues that, in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), § 922(k) violates the Second Amendment (*id.*). On January 19, 2023, the Government responded to Defendant's motion (Dkt. No. 22).

Two weeks later, the Fifth Circuit decided *United States v. Rahimi*, 59 F.4th 163 (5th Cir. 2023). In *Rahimi*, the Fifth Circuit held a companion provision—§ 922(g)(8)—was unconstitutional under *Bruen*. *Id.* at 168. Although *Rahimi* did not address the statute before this Court—§ 922(k)—the opinion nonetheless "provid[es] insight into how the circuit will apply *Bruen* to § 922 challenges[.]" *United States v. Samien*, No. 5:22-cr-379, 2023 WL 1980487, at *6 (W.D. Tex. Feb. 10, 2023).

Because the parties did not have the benefit of *Rahimi* when they filed their briefs, they are **ORDERED** to submit supplemental briefing. The supplemental materials must brief whether the Second Amendment's "plain text" covers

Defendant's conduct. *Rahimi*, 59 F.4th at 172 (quoting *Bruen*, 142 S. Ct. at 2129–30). The parties must address whether the type of firearm Defendant possessed is "in common use," such that it falls within the Second Amendment's scope. *Id.* at 173 (citing *Bruen*, 142 S. Ct. at 2143). Assuming Defendant's conduct falls within the Second Amendment's scope, the parties should frame their historical arguments under *Rahimi*'s "how" and "why" framework: "[The Government must show] *how* the challenged law burdens the right to armed self-defense, and *why* the law burdens that right." *Id.* (citing *Bruen*, 142 S. Ct. at 2133) (italics in original).

The Government is **ORDERED** to submit its supplemental brief by **March 24, 2023**. Defendant is **ORDERED** to submit his supplemental brief by **April 21, 2023**.

It is so **ORDERED**.

**SIGNED** February 24, 2023.

Marina Garcia Marmolejo
United States District Judge