IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CR. NO. L-22-CR-1439 |
| MARSHALL STEVE MERRIMAN | § | |

## ADVISORY TO THE COURT

TO THE HONORABLE JUDGE MARINA GARCIA MARMOLEJO OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

NOW COMES the Defendant, MARSHALL STEVE MERRIMAN, by and through his attorney MARJORIE A. MEYERS, Federal Public Defender, and by Assistant Federal Public Defender, CARLOS M. ALANIZ, and files this advisory.

### I.

On November 15, 2022, Mr. Merriman was indicted for knowingly possessing a firearm, Sig Sauer, .357 caliber handgun, that had been shipped and transported in interstate commerce, from which the manufacture's serial number had been removed, altered and obliterated, in violation of Title 18, Untied States Code, Sections 922 (k) and 924(a)(1)(B).

Mr. Merriman respectfully submits this notice and requests that the Court rule on his motion to dismiss the single-count indictment.  At the Court's most recent status conference, it indicated that it was likely to deny Mr. Merriman's motion but asked him if he would like to hold off on a ruling until the Supreme Court resolved the government's pending writ for certiorari (and if granted, case) in *United States v. Rahimi*, Case No. 22-915.  For the reasons stated in Mr. Merriman's motion and supplemental briefing, he believes his motion to dismiss is

meritorious and should be granted. After careful reflection, Mr. Merriman has decided that he would like the Court to rule on his motion to dismiss so he can proceed to appeal to the Fifth Circuit.

The Supreme Court has granted the government's *Rahimi* cert petition. However, it could be a year before it issues a decision. More importantly, *Rahimi* will not resolve this case. *Rahimi* will not address the government's threshold argument that a gun is not a gun (or to use the Second Amendment's term, "arm") if its serial number has been removed. *Rahimi* did reinforce that a tight fit is required between the modern-day law the government seeks to enforce and the historical precedent it relies on to justify it. *See generally United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023). But that conclusion flows directly from *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), itself, and a favorable opinion in *Rahimi* is no way necessary to rule in Mr. Merriman's favor.

Assuming the Court indeed rules against him, Mr. Merriman intends to plead guilty without a plea agreement, which will preserve his Second Amendment challenge for appellate review. *See Class v. United States*, 138 S. Ct. 798, 803 (2018) (guilty plea does not waive defendant's right to challenge the constitutionality of the statute of conviction on direct appeal). He accordingly requests that the Court schedule a re-arraignment at a convenient time once it resolves his pending motion to dismiss.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas
Texas State Bar Number 14-003750
Southern District of Texas No. 3233

By /s/ Carlos M. Alaniz
CARLOS M. ALANIZ
Assistant Federal Public Defender
Texas State Bar No. 24009081
Southern District of Texas No. 27460
1202 Houston St.
Laredo, Texas 78041
Telephone: 956/753-5313
Fax:          956/753-5317

### CERTIFICATE OF SERVICE

I Carlos M. Alaniz certify that on this the 7th, day of July 2023, a copy of the Advisory was served by Notification of Electronic Filing and was delivered via email to the office of the United States Attorney in Laredo, Texas.

/s/ Carlos M. Alaniz
Carlos M. Alaniz
Assistant Federal Public Defender