UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § CRIMINAL NO. 5:22-CR-01439 |
| | § |
| MARSHALL STEVE MAERRIMAN | § |

**GOVERNMENT'S OBJECTIONS TO THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE**

TO THE HONORABLE JUDGE OF THIS COURT:

The United States of America, by and through its United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorney, respectfully objects the Report and Recommendations of the United States Magistrate. (See Dkt. Entry 46). The Government objects, both to the analysis employed by the Magistrate Judge, and to the resulting findings.

The Magistrate Court correctly set out the legal standard as set by *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) and later clarified by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. ___, 142 S.C. 2111, 213 L.Ed.2d 387 (2022). Under *Bruen*, courts considering a constitutional challenge to a firearms regulation must first consider whether it invokes the Second Amendment. *Bruen*, at 2131. When the Second Amendment's plain text covers the challenged regulation, the Government bears the burden of identifying a "well-established and representative historical analogue" to its regulation. In *United States v. Rahimi*, 61 F.4th, 443 (5th Cir. 2023), the Fifth Circuit provided guidance as to how to apply

Buren to Section 922 challenges. The Fifth Circuit stated, "The Supreme Court distilled two metrics for courts to compare the Government's proffered analogues against the challenged law: how the challenged law burdens the right to armed self-defense, and why the law burdens that right." *Id*. at 454-455. Quoting Bruen, the Fifth Circuit found the "[t]he core question is whether the challenged law and proffered analogue are 'relevantly similar'." *Id*.

After reviewing and discussing the arguments by the parties, the United States Magistrate concluded that Section 922(k), which prohibits an individual's possession of a deserialized firearm, is not constitutional under the Second Amendment. The Government objects to this conclusion and the United States Magistrate's reasoning supporting that conclusion.

The Government argued that requiring a serial number on a firearm did not fall within the scope of the Second Amendment. The United States Magistrate disagreed and found that this argument was foreclosed *Rahimi* and *Heller*. (See R&R, pp. 10-11). Recently, in *United States v. Ramadan*, the Sixth Circuit, did not reach the constitutional question regarding 922(k) because the Court conducted only a plain error review of the conviction. Nonetheless, the Court stated:

> Although one district court recently found that § 922(k) is unconstitutional under Buren, that specific issue is, at most, "subject to reasonable dispute." [citation omitted]. In actuality, the weight of persuasive authority suggests that § 922(k) is constitutional. [citations omitted].

In *United States v. Dangleben*, No. 3:23-MJ-0044, 2023 WL 6441977, at *1 (D.V.I. Oct. 3, 2023), the district court agreed with the Government's position. There, the district court stated:

> As the district court in *United States v. Reyna* explained, the regulated conduct covered under Section 922(k) cannot be distilled down to "mere possession" of a firearm because to do so would be "inconsistent with how the Supreme Court evaluates Second Amendment challenges." *See* Crim No. 3:21-cr-41, 2022 WL 17714376, at *4 (N.D. Ind. Dec. 15, 2022) (noting that in *Heller*, the Court defined the regulated conduct as "handgun possession in the home" and in *Bruen*, the conduct was defined as "publicly carrying a handgun") (citing *Heller*, 554 U.S. at 628; *Bruen*, 142, S. Ct. at 2134). Moreover, not only would using such a general level of abstraction be inconsistent with Supreme Court precedent, but it would also be inconsistent with the original meaning of the Second Amendment. *See id.* The Second Amendment does not generally protect the right to possess "any weapon" "for whatever purpose," but rather specifically protects the right to carry and possess a firearm typically possessed by law-abiding citizens for the purposes of self-defense. *See Heller*, 554 U.S. at 625-26, 635; *Bruen*, 142, S. Ct. at 2131. Thus, because the Second Amendment is specific as to the conduct it covers, the regulated conduct must be defined in a similarly precise fashion. Under Section 922(k), an individual can still possess countless other kinds of firearms, just not one with the serial number removed, altered, or obliterated. Accordingly, the regulated conduct at issue here is not the mere possession of any firearm but rather the possession of a firearm with a removed, obliterated, or altered serial number.
>
> With the regulated conduct now properly defined, the Court will turn to whether the conduct regulated under Section 922(k) falls within the scope of the Second Amendment. Regulated conduct is only within the scope of the Second Amendment if the regulation "infringe[s]" on "a law-abiding citizen's right to armed self-defense." *Bruen*, 142 S. Ct. at 2133; *see also United States v. Libertad*, Crim No. 22-cr-644, 2023 WL 4378863, at *3 (S.D.N.Y. July 7, 2023) (noting that "any number of [firearm] regulations may incidentally, minimally, or not substantially burden the exercise of a right without being considered to actually 'infringe' it."); *United States v. Holton*, 3:21-CR-0482, 2022 WL 16701935, at *4 (N.D. Tex. Nov. 3, 2022) (finding that Section 922(k) is not within the scope of the Second Amendment because the regulation does not infringe on the amendment).

*Id.* The district court held, "There is also no infringement of an individual's Second Amendment simply because the regulation may prohibit an individual from possessing a specific gun." The district court further noted, "The conclusion that Section 922(k) does not infringe on the Second Amendment is further buttressed by the fact that the prohibition against possessing deserialized firearms stands in stark contrast to the regulated conduct the Supreme Court has previously held infringed on the rights guaranteed under the Second Amendment. In *Heller*, the District of Columbia imposed an "absolute prohibition of handguns held and used for self-defense in the home." 554 U.S. at 636. Similarly, in *Bruen*, the New York law "broadly prohibit[ed] the public carry of commonly used firearms for self-defense." 142 S.C.t. at 2138. Therefore, unlike the regulations at issue in those Supreme Court cases, which "essentially foreclosed self-defense with commonly used firearms for most people," Section 922(k) leaves an individual free to choose from the exact same types and calibers of firearms that would be available if Congress had not enacted Section 922(k) at all." The district court further found that historical analogues, similar or identical to those posited here by the Government, were consistent with this nation's tradition of firearm regulations. *Id.*, *9.

> Additionally, the district court also noted,

> The Court's decision today is consistent with the overwhelming majority of federal courts who have addressed the constitutionality of Section 922(k) since *Bruen*. *See Tita*, 2022 WL 17850250, at *7 (finding that "the conduct outlined in 18 U.S.C. § 922(k) is not protected by the Second Amendment because it does not infringe on an individual's right to bear arms 'in case of confrontation' or self-defense," and even if it was protected, "analogous conduct has been historically regulated such that 18 U.S.C. § 922(k) is constitutional"); *Bradley*, 2023 WL 2621352, at *3-4 ("The Court finds that the plain text of the Second Amendment does not cover conduct regulated by

> § 922(k)" and, alternatively, § 922(k) "is constitutional because there are relevant historical analogues that offer comparable burdens on the right to bear arms."); *Serrano*, 2023 WL 2297447, at *11 ("The Court finds that the Second Amendment's plain text does not cover the conduct regulated by § 922(k)."); *Reyna*, 2022 WL 17714376, at *1 (holding that "the plain text of the Second Amendment doesn't reach a handgun without a serial number"); *Holton*, 2022 WL 16701935, at *4 (finding that "a law requiring serial numbers on firearms" does not infringe "on the right to keep and bear arms," and even if it did, "the Government has identified relevant historical analogues to meet its burden under *Bruen*").

See also *United States v. Patton*, No. 4:21-CR-3084, 2023 WL 6230413, (D. Neb. Sept. 26, 2023); *United States v. Sharkey*, No. 422CR00176SMRHCA1, 2023 WL 6139615 (S.D. Iowa Sept. 20, 2023).

Citing *Heller*, the United States Magistrate also concluded that unserialzed firearms were not "dangerous and unusual" and thus were "in common use." "Arms" as used in the Second Amendment is limited to those "in common use at the time." *Heller*, 554 U.S. at 624-25. The Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes. *Id*.

The district court in *United States v. Avila*, No. CV 22-CR-224-@JM-1, 2023 WL 3305934, at *5 (D. Colo. May 8, 2023) held to the contrary. There the Court noted:

> As the Third Circuit has noted, a firearm with a serial number is just as useful for the lawful and constitutionally protected purpose of self-defense. *Id.* Reason and the experience of law enforcement counsel that obliterating a firearm's serial number serves another purpose: making the identity of a person who possesses a particular firearm more difficult to determine. *Id.* at 99. This feature makes firearms with obliterated serial numbers useful for criminal activity, and it is the very reason Congress enacted § 922(k). *Id.* at 98–99. Nor is the fact "[t]hat a law-abiding citizen could use a gun with an obliterated serial number for lawful self-defense ... evidence that guns with obliterated serial numbers are typically used by law-abiding citizens for lawful self-defense." *Reyna*, 2022 WL 17714376, at *5.

> On the record before it, the Court concludes that firearms with obliterated serial numbers are not within the class of firearms typically possessed by law-abiding citizens for lawful purposes. The Court also finds that firearms with an obliterated serial number—like the one Defendant is accused of possessing—are dangerous and unusual weapons and, therefore, not within the scope of the Second Amendment's guarantee.

See also *United States v. Trujillo*, No. 1:21-cr-1422-WJ-1, 2023 WL 3114387 (D.N.M. Apr. 26, 2023); *United States v. Walter*, No. 3:20-CR-0039, 2023 WL 3020321 (D.V.I. Apr. 20, 2023); *United States v. Bradley*, No. 2:22-CR-00098, 2023 WL 2621352 (S.D.W. Va. March 23, 2023); and *United States v. Serrano*, No. 21-CR-1590 JLS, 2023 WL 2297447 (S.D. Cal. Jan. 17, 2023).

Finally, the United States Magistrate found that the Government failed to meet its burden demonstrating that Section 922(k) was consistent with this "Nation's historical tradition of firearm regulation." (See R&R, pp. 14-20). Other district courts who have considered this issued have held that identical or similar regulations as those cited by the Government are in fact consistent with this country's historical tradition of firearm regulations. See *Trujillo*, at *4-5; *Dangleben* at *7-8; *Sharkey*, at *2-3; and *Patton*, at *3.

## PRAYER

The Government respectfully prays this Court conduct a *de novo* review. The Government prays this Court not accept the United States Magistrate's Report and Recommendation. Further, the Government prays this Court deny Defendant's motion to dismiss the Indictment.

Alternatively, the Government prays the Court hold this motion in abeyance pending further guidance from the Circuit Courts of Appeals and/or the Supreme Court of the United States.

Respectfully submitted,

Alamdar S. Hamdani
United States Attorney

_____
José Angel Moreno
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Objections to the Report and Recommendations of the United States Magistrate was sent via email and electronic case filing with the Clerk of the Court using the CM/ECF system to defense counsel, Carlos Alaniz, AFPD, on October 30, 2023, which will transmit notice of this filing and the document to counsel of record.

José Angel Moreno
Assistant United States Attorney